IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MD STRATEGIC CONSULTING,   *
LLC,

  Plaintiff         *

  v.            *     CIVIL NO. JKB-18-875

MASON-DIXON POLLING &   *
STRATEGIC CONSULTING, INC.,

  Defendant.        *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM

Plaintiff/counter-defendant MD Strategic Consulting, LLC ("MD")[1] sued Defendant/counter-claimant Mason-Dixon Polling & Strategic Consulting, Inc. ("Mason-Dixon") for alleged trademark infringement and unfair competition. Mason-Dixon counter-claimed for alleged trademark infringement, unfair competition, and cyberpiracy. Now pending before the Court, is MD's unopposed motion for leave to file a second amended complaint. (Mot. Leave File, ECF No. 42.) No hearing is required. *See* Local Rule 105.6 (D. Md. 2016). For the reasons set forth below, the Court will grant MD's motion for leave to file a second amended complaint.

Pursuant to Federal Rule of Civil Procedure 15(a)(2), the Court should "freely give" a party leave to amend its pleadings "when justice so requires. *See Jones v. Ceres Terminal, Inc.*, Civ. No. JKB-14-1889, 2014 WL 5088281, at *2 (D. Md. Oct. 8, 2014) ("Whether to permit the Plaintiff to file an amended complaint is a question that falls within the Court's discretion . . . ."). "This directive gives effect to the federal policy in favor of resolving cases on the merits instead

---

[1]   In its Order, the Court will direct the Clerk to amend the docket to reflect that Plaintiff/counter-defendant, formerly known as Mayson-Dixon Strategic Consulting, LLC, now goes by MD Strategic Consulting, LLC.

of disposing of them on technicalities." *Mayfield v. Nat'l Ass'n for Stock Car Auto. Racing, Inc.*, 674 F.3d 369, 379 (4th Cir. 2012). Consequently, "leave to amend a complaint should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile. *Edell & Assocs., P.C. v. Law Offices of Peter G. Angelos*, 264 F.3d 424, 446 (4th Cir. 2001) (holding district court abused its discretion by denying on futility grounds plaintiff's motion for leave to file amended complaint).

Here, the amendments do not prejudice Mason-Dixon. According to the scheduling order, this case is currently in the discovery stage. (Scheduling Order, ECF No. 39.) Discovery ends at the end of February, and dispositive pretrial motions are due at the end of March. (*Id.* at 2.) In its motion, MD states that the amendments "clarif[y] several factual allegations based on disclosures by [Mason-Dixon] in its Reply Brief in Support of Motion for Preliminary Injunction." (Mot. Leave File at 1.) Indeed, the proposed Second Amended Complaint adds information regarding the origin of the name "Mayson-Dixon" and the nature of the work performed by Mason-Dixon. (Mot. Leave File, Ex. B, ECF No. 42-2.) The proposed pleading does not add counts or defendants. (*Id.*)

MD is simply adding allegations to pre-existing claims, and "there is nothing improper in shoring up a complaint's allegations." *Young v. Giant Food Stores, LLC*, 108 F. Supp. 3d 301, 323 (D. Md. 2015); *see Frazier v. Experian Information Solutions*, Civ. No. GLR-18-68, 2018 WL 6726311, at *8 (D. Md. Dec. 21, 2018) (allowing plaintiff to file a second amended complaint "that provides additional facts to raise it above the assertion of presenting conclusory allegations"). "'[R]epeated failure to cure deficiencies by amendments previously allowed' is a sufficient basis to deny amendment of pleadings." *Young*, 108 F. Supp. 3d at 323 (quoting *Forman v. Davis*, 371 U.S. 178, 182 (1962)). But, here, MD is making its first request to amend its complaint because it

previously amended its Complaint "as a matter of course," *see* Fed. R. Civ. P. 15(a). (Compl., ECF No. 1.; Am. Compl., ECF No. 5.)

MD's motion is unopposed. Consequently, Mason-Dixon has not argued that the amendments are made in bad faith or that the amendments are futile. *See Malibu Media, LLC v. Doe*, Civ No. PWG-13-365, 2014 WL 7188822, at *10 (D. Md. Dec. 16, 2014) (granting leave to amend because "[plaintiff's] motion [wa]s unopposed, and there [wa]s no indication that these relatively minor amendments would work prejudice, reward bad faith, or be futile"). Because the amendments do not prejudice Mason-Dixon, and because Mason-Dixon has not asserted any claim of bad faith or futility, the Court will grant MD leave to amend.

## I.    *Conclusion*

For the foregoing reasons, an Order shall enter granting MD's motion for leave to file a second amended complaint.

DATED this 11 day of January, 2019.

BY THE COURT:

_____
James K. Bredar
Chief Judge